[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 1229.]

IN RE DISQUALIFICATION OF MCDONNELL.

CHESS DEVELOPMENT COMPANY ET AL. *v.* COMMERCE TITLE AGENCY, INC.

ET AL.

[Cite as *In re Disqualification of McDonnell*, 1998-Ohio-327.]

*Judges—Affidavit of disqualification—Judge's alleged comment does not evidence bias or prejudice, when—Disagreement or dissatisfaction with judge's rulings of law does not constitute bias or prejudice.*

(No. 98-AP-038—Decided May 5, 1998.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common Pleas case No. 338206.

———————————

MOYER, C.J.

{¶ 1} This affidavit of disqualification was filed by Joseph A. Farchione, counsel for plaintiffs, seeking the disqualification of Judge Nancy R. McDonnell from further proceedings regarding the above-captioned case.

{¶ 2} The record contains several affidavits that offer conflicting versions of events that occurred on March 25, 1998 when a legal secretary for affiant's law firm attempted to deliver documents in the underlying case to Judge McDonnell's chambers. Affiant contends that Judge McDonnell personally accepted the pleadings from the secretary and made a prejudicial statement indicating that regardless of what documents affiant was filing, the case would proceed as scheduled. Affiant has submitted two affidavits from the secretary in support of his version of the events. Judge McDonnell denies personally receiving any documents from the secretary or making any statements to her. Her affidavit is supported by affidavits from her bailiff and a law clerk for another judge. The supporting

affidavits state that the documents were delivered to Judge McDonnell's bailiff and that the judge was not present when the delivery was made.

{¶ 3} Having reviewed these affidavits in a light most favorable to the affiant, I cannot conclude that the statement allegedly made by Judge McDonnell demonstrates bias or prejudice against affiant. If true, the alleged comment appears simply to state the judge's opinion that she previously had ruled on affiant's motion for a continuance and other matters raised in affiant's pleadings and that the underlying trial would proceed as scheduled.

{¶ 4} The balance of affiant's contentions express disagreement with Judge McDonnell's procedural rulings. Disagreement or dissatisfaction with a judge's rulings of law does not constitute bias or prejudice that mandates that judge's disqualification. *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459.

{¶ 5} For these reasons, the affidavit is found not well taken and is denied. The case shall proceed before Judge McDonnell.

_____